OPINION
Appellant John David Chafin appeals the decision of the Court of Common Pleas, Licking County, which granted a stalking protection order against him in proceedings under R.C. 2904.214, initiated by Appellee Jimmie Huffer. The procedural history leading to this appeal is as follows.
On February 9, 2001, appellee filed a petition for a stalking civil protection order against appellant. On that same day, an ex parte hearing was held before a magistrate and a protection order was issued. The full hearing was thereafter held on February 28, 2001, before a magistrate. On March 1, 2001, the magistrate granted appellee's petition and issued a full stalking civil protection order. Appellant thereafter timely filed objections to the magistrate's decision. On July 2, 2001, the trial court issued a final order in which it overruled appellant's objections and affirmed the decision of the magistrate.
Appellant filed his notice of appeal on July 11, 2001, and herein raises the following four Assignments of Error:
 I. THE TRIAL COURT ERRED WHEN IT AFFIRMED THE JUDGMENT OF THE MAGISTRATE ISSUING A STALKING PROTECTION ORDER UNDER R.C. 2903.214, WHERE THE ONLY EVIDENCE SUPPORTING THE ISSUANCE OF THE ORDER WAS THE PETITIONER'S OWN DEMONSTRABLY PERJURED TESTIMONY.
 II. THE TRIAL COURT ERRED BY AFFIRMING THE MAGISTRATE'S JUDGMENT MISINTERPRETING THE STATUTE TO REQUIRE THE MANDATORY ISSUANCE OF A STALKING PROTECTION ORDER WHERE THE MAGISTRATE DID NOT FIND THAT PETITIONER WAS ACTUALLY IN FEAR OF THE RESPONDENT, INSTEAD MERELY FOUND THAT IT COULD BE REASONABLE FOR THE PETITIONER TO FEAR THE RESPONDENT.
 III. THE TRIAL COURT ERRED BY AFFIRMING THE ISSUANCE OF A STALKING PROTECTION ORDER UNDER R.C. 2903.214
WHERE THERE WAS NEITHER PROBABLE CAUSE TO CHARGE NOR SUFFICIENT EVIDENCE TO CONVICT THE RESPONDENT FOR A VIOLATION OF R.C. 2903.211.
 IV. THE TRIAL COURT ERRED BY AFFIRMING THE MAGISTRATE'S JUDGMENT WHERE THAT JUDGMENT WAS BASED IN PART UPON EVIDENCE THAT THE MAGISTRATE HAD ALREADY DEEMED INADMISSIBLE, AND IN PART UPON EVIDENCE THAT WAS IRRELEVANT AND MISLEADING.
 I, III
In his First and Third Assignments of Error, appellant argues that the evidence presented did not support the issuance of a stalking civil protection order. We disagree.
Pursuant to R.C. 2904.214(C), a person may seek relief against an alleged stalker by filing a petition which shall contain "[a]n allegation that the respondent engaged in a violation of section 2903.211 of the Revised Code [menacing by stalking] against the person to be protected by the protection order, including a description of the nature and extent of the violation." 2903.214(E)(1) continues:
 After an ex parte or full hearing, the court may issue any protection order, with or without bond, that contains terms designed to ensure the safety and protection of the person to be protected by the protection order, including, but not limited to, a requirement that the respondent refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member. If the court includes a requirement that the respondent refrain from entering the residence, school, business, or place of employment of the petitioner or family or household member in the order, it also shall include in the order provisions of the type described in division (E)(5) of this section.
A preponderance-of-the-evidence standard applies to the granting of a stalking protection order. Lindsay v. Jackson (Sept. 8, 2000), Hamilton App. Nos. C-990786, A-9905306, unreported, applying Felton v. Felton
(1997), 79 Ohio St.3d 34, paragraph two of the syllabus. In State v.Awan (1986), 22 Ohio St.3d 120, 123, the Ohio Supreme Court noted the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact, and an appellate court may not substitute its judgment for that of the fact finder. The fact finder is free to believe all, part, or some of the testimony of each witness. State v.Caldwell (1992), 79 Ohio App.3d 667, 679. Therefore, a judgment supported by competent and credible evidence going to all the elements of the case must not be reversed, by a reviewing court as being against the manifest weight of the evidence. Masitto v. Masitto (1986), 22 Ohio St.3d 63.
The transcript reveals that petitioner-appellee was previously involved in an adulterous relationship with appellant's wife, Angela. At the full hearing on February 28, 2001, the three testifying witnesses were Angela, appellant, and appellee. Angela testified to being present when appellant, her husband, placed two threatening telephone calls to appellee. During the first call, she heard appellant tell appellee to stay away from her, after which he repeatedly asked appellee "* * * to meet him so that he could possibly draw blood from [appellee's] body." Tr. at 23. During the second call, which was on a separate occasion, Angela overheard the following:
 A. I'm sorry, my husband was provoking Mr. Huffer and begging him that he would want to meet him; that he had warned him to stay away from me, to have no contact with me. He was going to make him pay. He wanted to fight with him. He wanted to make sure that he met with him; that if he wanted to, he could bring him some friends and they would just have a good old time of having a good old fight. Basically that was it. It was just a constant conversation.
Tr. at 27-28.
On another occasion, Angela observed appellant loading his shotgun and threatening to go to an area truck stop to kill appellee. Appellee was not present at that time. Angela also recalled several calls by appellant to appellee's voice mail, some of them resulting in threatening messages, although she didn't "know specifically the words." Tr. at 29.
Appellee also took the stand in support of his petition. He also testified to two telephone threats, one them including the statement: "`Hey, motherfucker, this is Angie's husband. If you don't leave her alone, I'm going to beat your ass.'" Tr. at 50. In both instances, appellee recalled appellant warning that he would "hunt down" and kill appellee. Tr. at 52. He stated he had reason to believe that appellant would carry out said threats. Tr. at 52.
Although appellant denied that appellee would have any reason to be afraid of him (Tr. at 92), in reviewing these described events in their entirety, we hold that sufficient evidence existed for the finder of fact to conclude that appellant's pattern of behavior constituted a violation of R.C. 2903.211, i.e., "caus[ing] another to believe that the offender will cause physical harm to the other person," such that a protection order was warranted to ensure the safety and protection of appellee. While we review the events in a cold transcript, the trial court is in a much better position than an appellate court to weigh the evidence, because it views the witnesses, observes their demeanor, gestures, and inflections. See Seasons Coal Company v. Cleveland (1984),10 Ohio St.3d 77. Therefore, having reviewed the record, we find there was sufficient competent and credible evidence for the trial court to conclude appellee had proven by the preponderance of the evidence his entitlement to a stalking protection order.
Accordingly, Appellant's First and Third Assignments of Error are overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred in affirming the decision of the magistrate despite the lack of a specific finding by the magistrate that appellee subjectively feared harm from appellant. We disagree.
An appellate court is guided by a presumption of regularity in the proceedings before a trial court. See Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197. Further, Civ.R. 53(E)(4)(b) "contemplates a denovo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed." Knauer v. Keener (June 15, 2001), Clark App. No. 2000-CA-101, unreported. We thus presume the trial court judge fully reviewed the transcript of the magistrate's proceedings, in which appellee clearly stated his subjective apprehension of appellant:
Q. You think that he'll carry out those threats?
A. I believe it in my mind, yes.
Tr. at 67.
Appellant's contention in this regard is without merit. The Second Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant challenges the magistrate's utilization of what he considers irrelevant and misleading evidence.
Appellant points to the following: (1) the purported reliance in the magistrate's decision on appellee's testimony regarding voice mail threats, which the magistrate earlier had ruled lacked proper foundation (Tr. at 49); (2) the magistrate's acceptance of Angela's opinion testimony as to whether appellant would cause physical harm to appellee; (3) the magistrate's reliance on Angela's testimony concerning appellant's threats made while he was preparing his shotgun for rabbit hunting purposes.
The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, 180. As a general rule, all relevant evidence is admissible. Evid.R. 402. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing the disputed evidence. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027, unreported, at 2.
Upon review of the entire record in this matter, and in light of our analysis of the first and third assignments of error above, we are unable to conclude that the trial court abused its discretion in its assessment of the aforesaid disputed evidence. Appellant's Fourth Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Licking County, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs are assessed to appellant.
Hon. Sheila G. Farmer, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.